IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY JACKSON, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>DALLAS COUNTY SHERIFF'S )<br>DEPARTMENT, )<br>    Defendant. ) | | 3:08-CV-1441-N |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is a resident of Dallas, Texas. Defendant is the Dallas County Sheriff's Department. The events at issue in this case occurred while Plaintiff was incarcerated at the Dallas County Jail.

No process has been issued in this case pending preliminary screening. The magistrate issued two questionnaires in this case. Plaintiff filed his answers to the questionnaires on November 13 and December 23, 2008, respectively. (*See* Documets #12 and #14).

Statement of Case: The amended complaint, supplemented by the answers to the questionnaires, alleges civil rights violations stemming from a misdemeanor offense, cause number MA04-59165, which was ultimately dismissed in March or April 2007. Specifically,

Plaintiff alleges that the Dallas County Sheriff's Department wrongfully imprisoned him for MA04-59165, violated the Interstate Agreement on Detainers Act (IADA), and defamed his character when it reported that he had been convicted in MA04-59165 and kept him incarcerated to make him plead guilty. Plaintiff also alleges denial of medical care for type II diabetes and a staph infection while he was incarcerated at the Dallas County Jail. He seeks monetary compensation in the amount of $200,000 from the Dallas County Sheriff's Department.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court. Section 1915(e) provides in pertinent part that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S. Ct. 1955, 1968-69 (2007).

Plaintiff names the Dallas County Sheriff's Department as the sole defendant in this case. It is settled that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police

2

department is not a jural entity). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.*

The Dallas County Sheriff's Department is a subdivision or agency of Dallas County, Texas. Therefore, it can neither sue or be sued as a distinct and separate legal entity. Although, a governmental entity, such as Dallas County, may be sued for violations of the Civil Rights Act, it cannot be held liable for constitutional violations under a theory of vicarious liability or *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036 (1978). A plaintiff seeking to impose liability against a governmental entity must prove that the alleged violations were pursuant to the policies, customs or practices of the governmental entity. *See* B*oard of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403-404, 117 S. Ct. 1382, 1387-88 (1997) (liability may be imposed "only where the municipality itself causes the constitutional violation at issue."); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999).

In this case, the pleadings are devoid of any allegations identifying any policy or custom of Dallas County which caused deprivation of any rights guaranteed under the laws and constitutions of the United States. As such any cause of action against Dallas County would lack an arguable basis in law.

The Civil Rights Act also permits a suit for monetary damages against individuals who, acting under color of state law, knowingly and deliberately violated a person's protected rights. To be liable, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005)

(quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (personal involvement is an essential element); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (same). However, it is well settled that acts or omissions of mere negligence are not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986) (negligent conduct, in and of itself, is not actionable under § 1983); *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670-71 (1986) (same); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (negligent medical care does not rise to a constitutional violation); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (mere negligence not actionable under § 1983).

Jackson's pleadings fail to plead any facts raising a claim against any individual.[1]

---

[1] The court has considered the answers and attachments which Plaintiff submitted in response to the magistrate judge's questionnaires to determine whether such information creates any colorable claims against Dallas County, Texas, or any individuals employed by the Dallas County Sheriff's Department.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous and/or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A copy of this recommendation will be MAILED to Plaintiff.

Signed this 12th day of January, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.